UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Rachel Alice Henning,<br><br>             Plaintiff,<br><br>      v.<br><br>Santander Consumer USA, Car Pros Kia Glendale,<br><br>             Defendants. | Case No. 2:24-cv-00134-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed *in forma* pauperis ("IFP") and Complaint. ECF Nos. 1, 1-1.

**I.      Application to Proceed *in forma pauperis***

Unfortunately, Plaintiff submitted the Clark County District Court IFP application that does no apply in federal court. Plaintiff must submit the correct IFP application required by United States District Court for the District of Nevada Local Rule LSR 1-1. Thus, Plaintiff's current IFP application is denied without prejudice.

**II.     Screening the Complaint**

Upon receiving a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint

with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

      A.      <u>Plaintiff Fails to Plead Facts Establishing Personal Jurisdiction Over Defendants</u>.

Personal jurisdiction is established when "(1) provided for by law; and (2) the exercise of jurisdiction comports with due process." *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d 1286, 1290 (D. Nev. 2016), *citing Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980). "When no federal statute governs personal jurisdiction, a federal court applies the law of the forum state." *Id. citing Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where a state, such as Nevada, has a "long-arm" statute providing "jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment … a court need only address federal due process standards." *Id. citing Arbella Mutual Insurance Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006), *citing* NRS § 14.065; *Boschetto*, 539 F.3d at 1015. Under this standard, a defendant must generally have "certain minimum contacts" with the forum state before personal jurisdiction will be established. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction over a party may be established through general or specific jurisdiction. *Boschetto*, 539 F.3d at 1016; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-414 (1984).

Plaintiff, a Nevada resident, identifies Santander Consumer USA ("Santander") and Car Pros Kia Glendale ("Car Pros") as Defendants. ECF No. 1-1 at 2-3. Santander is identified as a Texas resident, while Car Pros is identified as a California resident. *Id.* Plaintiff fails to plead any facts supporting the exercise of personal jurisdiction over Defendants. Plaintiff does not demonstrate Defendants had any, let alone minimum, contacts with the State of Nevada. *Id.* at 3-4. In light of the absence of any facts supporting an exercise of personal jurisdiction over Defendants, Plaintiff's claims are dismissed without prejudice with leave to amend. If Plaintiff chooses to amend, she must include factual allegations demonstrating the Court may exercise personal jurisdiction over Defendants.

**III.     Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that on or before **February 19, 2024**, Plaintiff must either pay the $405 filing fee for a civil action or file with the Court a complete Application to Proceed *in Forma Pauperis* on the Court's approved form.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice with leave to amend.

IT IS FURTHER ORDERED that Plaintiff is given one (1) opportunity to amend her Complaint to state causes of action over which the Court has jurisdiction against the named or additional defendants. If Plaintiff so chooses, she must file her amended complaint no later than **February 19, 2024**.

IT IS FURTHER ORDERED that failure to comply with this Order on or before **February 19, 2024**, will result in a recommendation to dismiss this action **without prejudice**. A dismissal without prejudice allows Plaintiff to file her case with the Court, under a new case number, when she is able to comply with LSR 1-1 and file a complete application to proceed *in forma pauperis* or pay the required filing fee.

DATED this 23rd day of January, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3